UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 17-0717-MWF (MRWx)**              **Date:  May 18, 2017**

Title:     Robert McCarthy -*v.*- King Pacific Beach Investment, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
|  |  |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION [9]

On January 30, 2017, Plaintiff filed his Complaint.  (Docket No. 1).  Plaintiff has taken no further action since.  On May 2, 2017, the Court ordered Plaintiff to show cause, in writing, by May 16, 2017, why the action should not be dismissed for failure to prosecute.  (Docket No. 9).  The Court warned that failure to respond timely would result in dismissal of the action.  (*Id.*).

Plaintiff has failed to respond to the Court's order.  Accordingly, this action is **DISMISSED.**

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

---

**Case No.  CV 17-0717-MWF (MRWx)**                    **Date:  May 18, 2017**
Title:       Robert McCarthy -*v.*- King Pacific Beach Investment, Inc., et al.

---

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. This action was filed in January 2017, and yet Plaintiff has not yet even served the Complaint upon Defendants.  Plaintiff's three and a half month delay hinders the orderly resolution of his claims on their merits.

The third factor — prejudice to the putative Defendants — also weighs in favor of dismissal.  A rebuttable presumption of prejudice arises when there is a failure to prosecute the action.  *Eisen*, 31 F.3d at 1452–53.  That presumption may be rebutted where a plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor — public policy in favor of deciding cases on their merits — weighs against dismissal.  It is Plaintiff's responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has failed to discharge his responsibility.  Additionally, because the action is dismissed without prejudice, Plaintiff may refile his claims, so long as the limitations period has not expired.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to prosecute.

The fifth factor — availability of less drastic sanctions — weighs in favor of dismissal.  The Court has attempted to avoid outright dismissal by issuing the OSC and providing Plaintiff a reasonable opportunity to serve Defendants even outside the proscribed time limits.  *See* Fed. R. Civ. P. 4(m) (requiring defendants to be served within 90 days of the filing of the complaint).  Plaintiff has not complied with the OSC despite the Court's warning that failure to file the requested response would result in the action's dismissal.  *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

Taking all of the above factors into account, dismissal for failure to prosecute and failure to comply with the OSC is appropriate.  Accordingly, the action is **DISMISSED** *without prejudice*.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 17-0717-MWF (MRWx)**          **Date:  May 18, 2017**

Title:      Robert McCarthy -*v.*- King Pacific Beach Investment, Inc., et al.

---

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.